**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Paul Schaffer, | No. CV-20-08157-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 11). Petitioner filed objections to the R&R (Doc. 14) and Respondents responded to the objections (Doc. 15).

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Accordingly, the Court will review the portions of the R&R to which Petitioner objected de novo.

## II.   Factual and Procedural Background

The R&R summarized the factual and procedural background of this case, and neither party objected to that summary. (Doc. 11 at 1-4). The Court accepts this portion of the R&R. In short summary, Petitioner pled guilty to two counts of attempted sexual exploitation of a minor, offenses which are classified as dangerous crimes against children. (*Id*. at 2). The sentencing range was 10 years to 24 years, and the state court judge sentenced Petitioner to the presumptive sentence of 17 years. (*Id*.).

## III.   Petition

The R&R concludes that the Petition in this case is barred by the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. (Doc. 11 at 9). Alternatively, the R&R concludes that the claim in the Petition was not exhausted in state court, without excuse, and therefore the Court cannot reach the merits of the claim. (Doc. 11 at 12-15). As a second alternative, the R&R concludes that the claim raised by Petitioner asserts an error of state law and, therefore, is not cognizable as a basis for habeas relief. (Doc. 11 at 15-17).

### A.   Statute of Limitations

The R&R summarized the law governing the statute of limitations applicable to this case. (Doc. 11 at 4-9). Neither party objected to that recitation of the legal standard. The Court hereby accepts it.

Petitioner does not dispute that his Petition in this case is outside the one-year statute

of limitations. Thus, the Court accepts that the Petition in this case, after all statutory tolling, was due by August 28, 2014, but not filed until June 29, 2020. (Doc. 11 at 5).

Nonetheless, Petition argues that *Wright v. Gates*, 243 Ariz. 118 (2017) was a change in the law. (Doc. 14 at 4). The R&R notes that 28 U.S.C. § 2244(d)(1)(D) creates a new one-year statute of limitations for newly discovered factual predicates that form the basis for habeas relief, but this section does not apply to newly discovered legal precedents. (Doc. 11 at 7-8). Petitioner does not object to the R&R's recommendation that Petitioner is not entitled to relief from the statute of limitations under § 2244(d)(1)(D), and the Court hereby accepts this recommendation. Moreover, even using the 2017 date *Wright* was decided, Petitioner still filed the Petition in this case over one-year after the decision.

Thus, the Court finds that the Petition in this case is barred by the statute of limitations and the Petition will be dismissed on this basis.

**B.     Exhaustion**

Alternatively, the R&R recommends that this Court find that Petitioner's claim was not properly exhausted in the state courts. (Doc. 11 at 9-15). In summary, the R&R concludes that Petitioner's claim was not presented to the state court as a federal claim (*id.* at 12), that *Wright* was not a change in the law as Petitioner alleges (*id.* at 14), that Petitioner makes no actual innocence argument that would excuse him from his failure to exhaust (*id.* at 15), and that Petitioner cannot make an actual innocence argument because he admitted at the time of his plea that the images were of actual children (*id.* at 2, 15).

Although Petitioner states in his objections "Petitioner did not procedurally default his Federal Habeas claim" (Doc. 14 at 4), Petitioner does not specifically object to any of the conclusions in the R&R summarized above. Instead, Petitioner argues that he did not waive his claims under *Wright* via his plea agreement because *Wright* did not exist at the time he pled guilty. (Doc. 14 at 3). This Court agrees with both the state court and the R&R that *Wright* did not change Arizona law. (Doc. 11 at 12, 14-15). Thus, Petitioner's argument that he did not waive any changes in the law in his plea agreement, even if correct, would not entitle him to relief because *Wright* was not a change in the law as it

relates to Petitioner's conviction.

Thus, Petitioner's only objection with respect to the R&R's conclusions on Petitioner's failure to exhaust is overruled. Accordingly, the Petition in this case is denied for the alternative reason that the claim in the Petition was not exhausted in state court without excuse to overcome the failure to exhaust and is now procedurally defaulted, and thus, the Court cannot grant relief on the merits of the claim.

### C. State Law Claim

As a second alternative reason the Petition should be denied in this case, the R&R concludes that Petitioner's claim under *Wright* is a purely state law claim that is not cognizable on habeas. (Doc. 11 at 15-17). The Court agrees with the R&R that because Petitioner's only claim in this case is a sentencing error, if any error occurred, it was an error of state law that is not cognizable on habeas. *See* (Doc. 11 at 16). Petitioner effectively concedes that he is arguing an error of state law in his objections because he argues that the state court erred in its application of Arizona Rule of Criminal Procedure 32 when the Court failed to treat *Wright* as a change in the law that would have permitted Petitioner to bring a second petition for post-conviction relief under the Rule. (Doc. 14 at 4). Because Petitioner's only claim in his Petition is not cognizable on habeas, the Petition is denied for this additional alternative reason.

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 11) is accepted. Petitioner's objections (Doc. 14) are overruled. The Petition is denied and dismissed with prejudice for all of the foregoing reasons, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on several plain procedural bar and jurists of reason would not find this Court's procedural rulings

1   debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2        Dated this 1st day of November, 2021.

James A. Teilborg<br>
Senior United States District Judge